IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DOUGLAS STOWE, ET AL., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07-CV-94 (TJW) |
| | § | |
| DAVID A. RUSSELL, D.C., ET AL., | § | |
|     Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Medical Center of McKinney's ("McKinney") Dispositive Rule 12 Motion to Dismiss, and Subject Thereto its Motion to Transfer Venue (#4) and Defendant William T. Hartman, D.O.'s ("Hartman") Motion to Dismiss, and Subject Thereto, Motion to Transfer Venue (#7). Subject to their motions to dismiss, McKinney and Hartman request that this case be transferred to the Eastern District of Texas, Sherman Division pursuant to 28 U.S.C. § 1404(a) . After considering the filings of the parties and the applicable law, the Court GRANTS McKinney and Hartman's motions to transfer venue for the reasons expressed below. The motions to dismiss may be raised with the transferee court.

**I.   Factual Background**

Plaintiff Douglas Stowe resides in Collin County, Texas and Plaintiff Stephanie Jackson resides in Henderson County, Texas. All the defendants either work in Collin County, Texas or have their principal place of business in Collin County, Texas.

Mr. Stowe injured his back in 1999. In 2005, Mr. Stowe arrived at McKinney's emergency room with back pain and unable to move his right leg or walk. Mr. Stowe was discharged and told to see an orthopedic surgeon the next morning. After seeing Dr. Vudhi Slabisak, Mr. Stowe was

admitted to McKinney and underwent two spinal cord surgeries. Mr. Stowe is now confined to a wheelchair and is a permanent $T_{12}$ paraplegic.

The plaintiffs allege that McKinney violated the provisions of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §§ 1395dd, *et seq*. According to the plaintiffs, McKinney failed to stabilize Mr. Stowe's emergency medical condition before discharging him. The plaintiffs also allege that all the defendants failed to carry out their medical responsibilities and failed to follow accepted standards of medical practice resulting in Mr. Stowe's injuries.

## II.  Discussion

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004). It is within the district court's sound discretion whether to transfer venue under section 1404(a). *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676. The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance

of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771. The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.* The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "the balance of convenience and justice *substantially* weighs in favor of transfer." *Mohamed*, 90 F. Supp. 2d at 768.

    A.    Convenience Factors

### 1. The plaintiffs' choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003). The plaintiff's choice of forum, however, will not be disturbed unless it is clearly outweighed by other factors. *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 830 (E.D. Tex. 2002). The plaintiffs chose to bring their suit in the Eastern District of Texas, Marshall Division. Therefore, this factor weighs against transfer.

### 2. The convenience of parties and material witnesses

The Court will first assess the convenience of the parties. The convenience of the parties is accorded less weight in a transfer analysis than the convenience of non-party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. In this case, Mr. Stowe resides in Collin County, Texas, and the defendants are located or work in Collin County, Texas. Collin County is located in the Sherman Division of

the Eastern District of Texas and is approximately 180 miles from Marshall. Accordingly, the convenience of the parties weighs in favor of transfer.

The Court now considers the convenience of the witnesses. Generally, in a venue transfer analysis, the most important factor considered is whether "key fact witnesses" will be substantially inconvenienced if the court should deny transfer. *Mohamed,* 90 F. Supp. 2d at 774. Further, the convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience of party witnesses. *Shoemake*, 233 F. Supp. 2d at 832. The moving party must "specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

McKinney and Hartman do not provide a list of non-party witnesses along with the substance of the witnesses' expected testimony. Accordingly, the convenience of non-party witnesses is neutral as to transfer.

### 3. The place of the alleged wrong

The issues in this case revolve around actions taking place in Collin County, Texas. This factor weighs in favor of transfer.

### 4. The cost of obtaining the attendance of witnesses and the availability of compulsory process

In its moving papers, McKinney contends that the cost of bringing witnesses to Sherman would be less expensive than bringing them to Marshall. The plaintiffs do not dispute this contention. Therefore, the cost of obtaining the attendance of witnesses weighs in favor of transfer.

### 5. The accessibility and location of sources of proof

The Court notes that this factor has become less significant in a transfer analysis because of

the advances in copying technology and information storage. *Mohamed*, 90 F. Supp. 2d at 778. McKinney argues that most of the documentary evidence is located in the Sherman Division. However, any documents or evidence can be easily transported to Marshall. In the Court's view, this factor is neutral as to transfer.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir. 2002)).  Because it is early in the litigation, the plaintiffs would not be prejudiced by a transfer. *Ledoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 838 (E.D. Tex. 2002). Therefore, this factor is neutral. *Id.*

### B.    Public Interest Factors

#### 1. The administrative difficulties caused by court congestion

Neither party is aware of any administrative difficulties flowing from the Sherman Division and not the Marshall Division.  Therefore, this factor is neutral as to transfer.

#### 2.  The local interest in adjudicating local disputes

The hospital and physicians involves in this case are located in the Sherman Division.  In addition, Mr. Stowe, the injured plaintiff, resides in the Sherman Division.  Therefore, this factor weighs in favor of transfer.

#### 3. The unfairness of burdening citizens in an unrelated forum with jury duty

Neither party addresses this issue.  Accordingly, the Court finds that this factor is neutral as to transfer.

<u>4. The avoidance of unnecessary problems in conflict of laws</u>

The plaintiffs assert claims based on federal law and Texas state law.  Consequently, the Court finds that this factor is inapplicable in this transfer analysis.

**III.    Conclusion**

Upon application of the section 1404(a) factors to this case, the Court has exercised its discretion and has concluded that transfer to the Sherman Division of the Eastern District of Texas is warranted.  Accordingly, the Court GRANTS McKinney and Hartman's Motions to Transfer Venue.  This case is hereby transferred to the Sherman Division, Eastern District of Texas.  The motions to dismiss may be raised with the transferee court.

SIGNED this  5th  day of July, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE